**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CAROLYN S. SPICER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-4024-KGS |
| | ) |
| RADNET, INC. and RADIOLOGY | ) |
| AND NUCLEAR MEDICINE IMAGING | ) |
| PARTNERS, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court upon Defendant Radiology and Nuclear Medicine Partners, Inc.'s Objections to Deposition Testimony and Motion for Protective Order In Limine (ECF No. 78). The matter is fully briefed, and the Court is prepared to rule. For the reasons stated below, the Court grants the instant motion.

**I.     Background**

In her Complaint, Plaintiff alleges Defendant Radiology and Nuclear Medicine Partners, Inc. ("Defendant" or "RNMIP") unlawfully terminated her employment because of her age and in retaliation for her opposition to Defendant's purported unlawful discriminatory practices.[1] Plaintiff asserts claims based upon the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA") and the Kansas Age Discrimination in Employment Act, K.S.A. § 44-1113 ("KADEA"). On May 31, 2011, Judge Vratil granted summary judgment in favor of Defendant on Plaintiff's claims of

---

[1] Compl., ECF No. 1. Plaintiff's Complaint also named RadNet, Inc. as a defendant. On December 20, 2010, Judge Vratil granted summary judgment in favor of RadNet, Inc. *See* Mem. & Order, ECF No. 47.

discrimination, but denied summary judgment in favor of Defendant as to Plaintiff's retaliation claims.[2]

On May 16, 2011, Plaintiff designated for use at trial portions of the deposition testimony of David Smith and Ruth Wilson. Some of the designated material includes testimony about a proposed Separation and General Release Agreement ("Proposed Agreement") that Defendant presented to Plaintiff when her employment was terminated. In the Proposed Agreement, Defendant offered to provide Plaintiff with severance pay in exchange for a complete release of any claim Plaintiff might have arising from the termination of her employment, including any claims under the ADEA.

In the instant motion, Defendant seeks to exclude any designated deposition testimony regarding the Proposed Agreement pursuant to Fed. R. Evid. 408(a). Defendant also seeks an order prohibiting Plaintiff, her counsel, and her witnesses from introducing at trial or mentioning at any time during trial the following: (1) that Defendant offered to Plaintiff a settlement amount and other benefits at the time of her employment termination in exchange for a release; (2) the Proposed Agreement; and (3) that Plaintiff's counsel and Defendant's counsel have discussed settlement of this action and offers to settle have been exchanged. Alternatively, Defendant argues the Proposed Agreement and any settlement communications should be excluded pursuant to Fed. R. Evid. 403.

**II. Analysis**

Fed. R. Evid. 408 bars evidence relating to settlement discussions if that evidence is offered to prove liability for or invalidity of the claim or its amount. Rule 408 states:

> (a) Prohibited uses.--Evidence of the following is not admissible on

---

[2] Mem. & Order, ECF No. 81.

>behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
>>(1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>>
>>(2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
>(b) Permitted uses.--This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

As reflected by the Advisory Committee's notes, the purpose of Rule 408 is twofold. The first rationale reflects a concern about the relevance of settlement offers; as the advisory committee observes, evidence of settlement offers is generally irrelevant because such offers might be motivated by a desire for peace rather than from any concession of weakness of position.[3] The Rule "reflects a fear that juries will infer an admission of liability from the mere fact that a party was willing to settle its claim."[4] The second purpose is to promote the settlement of controverted claims, which would be discouraged if offers of compromise could be considered as admissions of liability.[5] As other courts and commentators have observed, the "Rule is based on the policy of promoting the

---

[3] Fed. R. Evid. 408 advisory committee's note.

[4] *ESPN, Inc. v. Office of the Comm'r of Baseball*, 76 F. Supp. 2d 383, 411 (S.D.N.Y. 1999).

[5] Fed. R. Evid. 408 advisory committee's note.

compromise and settlement of disputes by taking into account the reality that permitting the consideration of settlement offers as reflecting an admission of liability would discourage parties from discussing settlement or making settlement offers."[6]

Rule 408, however, "does not completely bar the admission of compromise evidence."[7] Evidence relating to settlement discussions might be admissible if the evidence is not offered to prove liability, but for some other purpose. Examples of permissible uses include proving a witness's bias or prejudice or negating a contention of undue delay.[8]

Here, the parties do not dispute that the Proposed Agreement constitutes an offer of compromise or settlement within the meaning of Rule 408. Rather, the parties dispute the purposes for which the evidence is being offered. Defendant contends Plaintiff is offering the evidence to prove Defendant's liability for her retaliation claims. Plaintiff argues she is not offering the evidence to prove liability, but for other permissible purposes. Plaintiff contends the Proposed Agreement is admissible for the following reasons: (1) to avoid giving the jury any deceptive or misleading impression that Plaintiff received severance pay; (2) to show that Defendant had knowledge of Plaintiff's complaints of age discrimination; (3) to show Defendant was aware of the conduct prohibited by both the ADEA and KADEA; and (4) to show Defendant knew its termination of Plaintiff's employment was a violation of federal and state law or Defendant acted in reckless disregard of that fact. The Court will address each of these in turn.

The Proposed Agreement was enclosed with an April 10, 2009 letter from David Smith to

---

[6] *Master-Halco, Inc. v. Scillia, Dowling & Natarelli, LLC*, 739 F. Supp. 2d 125, 129 (D. Conn. 2010) (internal quotations omitted).

[7] *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987).

[8] Fed. R. Evid. 408(b).

4

Plaintiff terminating Plaintiff's employment.[9] The April 10, 2009 letter states that Plaintiff would be provided with a severance benefit if she signed the Proposed Agreement.[10] Plaintiff has identified as possible trial exhibits the April 10, 2009 letter as well as a description of the severance benefits offered to Plaintiff, which was apparently included with the April 10, 2009 letter.[11] In response to the instant motion, Plaintiff indicates admission of the Proposed Agreement is necessary to avoid giving the jury any deceptive or misleading impression that Plaintiff received severance pay from Defendant. The Court agrees with Defendant that this can accomplished by less prejudicial means. Plaintiff could easily redact any references in the termination letter that refer to a severance package. Plaintiff could also inquire whether Plaintiff received severance pay during Plaintiff's direct examination and/or on cross-examination of Defendant's witnesses.

Plaintiff also indicates the evidence is admissible to show that Defendant had knowledge of Plaintiff's complaints of age discrimination. To establish a *prima facie* case of retaliation under the ADEA, Plaintiff must show: "(1) protected opposition to discrimination or participation in a proceeding arising out of discrimination; (2) adverse action by the employer contemporaneously or subsequent to the employee's protected activity; and (3) a causal connection between such activity and the employer's action."[12] "A causal connection is established where the plaintiff presents evidence sufficient to raise the inference that [his or] her protected activity was the likely reason for

---

[9] Letter from David Smith to Carolyn Spicer (Apr. 10, 2009), ECF No. 83-1.

[10] *Id.*

[11] *See* Pl.'s Final Witness and Ex. List ¶¶ 18–19, ECF No. 76.

[12] *Corneveaux v. CUNA Mut. Ins. Grp.*, 76 F.3d 1498, 1507 (10th Cir.1996) (internal quotations omitted).

5

the adverse action."[13]  "The causal connection component of the prima facie case may be established by showing that the employer had knowledge of the employee's protected activity, and that the adverse personnel action took place shortly after that activity."[14]  Here, Plaintiff's proffered reason for admission of the Proposed Agreement – Defendant's knowledge of her complaints of age discrimination – goes to establishing the causal connection between her protected activity and her subsequent termination of employment.  Thus, Plaintiff appears to be seeking to use the Proposed Agreement to establish an element of her retaliation claim.

The Court has not found any authority in the Tenth Circuit on point.  However, courts in other circuits have held that, under certain circumstances, settlement agreements or offers of settlement cannot be admitted to prove an element of a party's case.  For example, in *Trebor Sportswear Co. v. The Limited Stores, Inc.*, defendant asserted the statute of frauds as a defense to plaintiffs' breach of contract claim.[15]  To demonstrate the existence of a contract, plaintiffs attempted to admit into evidence a draft settlement agreement and a cover letter prepared by defendant.[16]  The district court ruled the documents were inadmissible pursuant to Fed. R. Evid. 408.[17]

On appeal, plaintiffs argued the documents were not offered to prove the validity of their

---

[13] *Id*. (internal quotations omitted).

[14] *See Mitchell v. Baldrige*, 759 F.2d 80, 86 (D.C. Cir. 1985); *see also Thomas v. City of Beaverton*, 379 F.3d 802, 812 n.4 (9th Cir. 2004) (in a Title VII retaliation claim, the employer's awareness of the protected activity is important in establishing a causal link).

[15] *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 510 (2d Cir. 1989).

[16] *Id*. at 508–510.

[17] *Id.* at 510.

contract claim, but rather to overcome defendant's statute of frauds defense.[18]  The Second Circuit affirmed the district court's ruling, reasoning that "[f]or appellants, satisfying the statute of frauds was the necessary first step to proving, ultimately, the validity of their claims of breach of contract."[19]  The Second Circuit concluded that because the question of whether the statute of frauds was satisfied was inextricably intertwined with the question of whether the contract was enforceable (and thus with the question of liability), admission of the documents would "militate against the public policy considerations which favor settlement negotiations and which underlie Rule 408.[20]

Similar to the situation in *Trebor Sportswear Co.*, Defendant's knowledge of Plaintiff's complaints of discrimination is a necessary step to proving Defendant's liability for retaliation; in other words, the issue is so intertwined with liability that the Proposed Agreement should be excluded under Rule 408.  This Court is also mindful of the Tenth Circuit's admonition that "when the issue is doubtful, the better practice is to exclude evidence of compromises or compromise offers."[21]

Plaintiff cites two cases in which courts have permitted the introduction of settlement evidence in a retaliation case.  However, both cases are distinguishable from the present case.  In *Mercier v. Boilermakers Apprenticeship & Training Fund*, plaintiff was terminated from an

---

[18] *Id*.

[19] *Id*.

[20] *Id*; *see also Eagan v. LaPlace Towing, Inc.*, No. 94-30295, 1994 WL 725059, at *1-*2 (5th Cir. Dec. 20, 1994) (affirming district court's exclusion of settlement evidence because the purpose for which it was offered was intertwined with proof of liability); *Grant, Konvalinka & Harrison v. United States*, No. 1:07-cv-88, 2008 WL 4865571, at *2 (E.D. Tenn. June 27, 2008) (stating that under Rule 408, settlement offers may not be admitted into evidence to prove or disprove substantive elements of a claim).

[21] *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1364 (10th Cir. 1987).

apprenticeship program and brought a suit against defendants alleging the termination was a wrongful denial of benefits and breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA").[22] Plaintiff also alleged defendants retaliated against her by failing to readmit her to the apprenticeship program in response to her legal challenge to the termination.[23] In support of her retaliation claim, plaintiff sought to introduce evidence of communications in her counsel and defendants' counsel discussed settling plaintiff's claims relating to her termination from the program.[24] In the course of those communications, defendants' counsel also commented on plaintiff's ability to be readmitted to the program, which plaintiff contended demonstrated a retaliatory intent.[25]

The district judge admitted the evidence relying on the principle that "'[S]ettlement letters . . . can be used to establish an independent violation (here, retaliation) unrelated to the underlying claim which was the subject of the correspondence.'"[26] In other words, statements made during settlement negotiations might be admissible if they are being "introduced not to prove liability for the claims being settled, but for an entirely separate claim of retaliation."[27]

In *Resolution Trust Corp. v. Blasdell*, one of the defendants moved to dismiss plaintiff's

---

[22] *Mercier v. Boilermakers Apprenticeship & Training Fund*, No. 07-cv-11307-DPW, 2009 WL 458556, at *1 (D. Mass. Feb. 10, 2009).

[23] *Id.* at *6–*7, *19.

[24] *Id.* at *6.

[25] *Id*. at *6, *23

[26] *Id.* at *19 (quoting *Carney v. Am. Univ*., 151 F.3d 1090, 1095 (D.C. Cir. 1998)).

[27] *Carr v. Health Ins. Plan of Greater N.Y., Inc*., No. 99 Civ. 3706(NRB), 2001 WL 563722, at *4 (S.D.N.Y. May 24, 2001).

complaint and sought to introduce evidence concerning settlement negotiations between the parties.[28]  The court permitted the evidence to be admitted because it was not offered to prove the validity or invalidity of plaintiff's claim, but rather to demonstrate plaintiff filed the action to retaliate against defendant for not settling the claim on plaintiff's terms and refusing to sign an agreement tolling the statute of limitations.[29]  The court reasoned that the evidence was admissible because it was presented to prove plaintiff's motive for filing the lawsuit, rather than liability.[30]

As Defendant points out, the settlement discussions in *Resolution Trust Corp.* and *Mercier* did not relate to settling a claim of retaliation, but rather the claims of retaliation arose from the settlement discussions.  Here, in contrast, Plaintiff's retaliation claim was the subject of the settlement discussions and Proposed Agreement.  Thus, unlike the situations in *Resolution Trust Corp.* and *Mercier*, Plaintiff is not seeking to offer the Proposed Agreement as evidence of a separate, independent violation unrelated to the subject of the settlement communications.

Plaintiff also indicates she is seeking to admit evidence of the Proposed Agreement to demonstrate that Defendant knew its termination of Plaintiff was a violation of federal and state law or that Defendant acted in reckless disregard of that fact.  It is not clear to the Court how the Proposed Agreement is probative of this issue.[31]  Regardless, for the same reasons discussed above,

---

[28] *Resolution Trust Corp. v. Blasdell*, 154 F.R.D. 675, 678 (D. Ariz. 1993).

[29] *Id.* at 680-81.

[30] *Id.* at 681.

[31] *See Partington v. Broyhill Furniture Indus., Inc.*, 999 F.2d 269, 271 (7th Cir. 1993) ("Standing by itself all [the release of a right to sue under the age discrimination law] showed was that [Defendant] was aware that a company that dismisses an older worker has potential liability under the age discrimination law.  No inference of guilt can be drawn from awareness of one's legal obligations . . .").

the Court finds this to be intertwined with the issue of Defendant's liability such that the Proposed Agreement should be excluded.

Further, the Court finds that the Proposed Agreement should also be excluded under Fed. R. Evid. 403. Rule 403 provides that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Here, there is a danger of unfair prejudice if the Court were to admit the Proposed Agreement. More specifically, there is a danger that the jury would infer culpability on the part of Defendant by its willingness to enter into a settlement agreement. Because the probative value of the Proposed Agreement is relatively minimal, the Court finds that any probative value is substantially outweighed by the danger of unfair prejudice.

Plaintiff also argues the Proposed Agreement is admissible to show Defendant was aware of the conduct prohibited by both the ADEA and KADEA. However, Defendant indicates it does not dispute it was generally aware that the ADEA and KADEA prohibit age discrimination. Thus, there does not appear to be any compelling need to introduce the Proposed Agreement to establish this point. As a result, the Court finds the Proposed Agreement and any testimony regarding the Proposed Agreement shall be excluded from trial.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant Radiology and Nuclear Medicine Partners, Inc.'s Objections to Deposition Testimony and Motion for Protective Order In Limine (ECF No. 78) is hereby granted.

**IT IS FURTHER ORDERED** that Defendant's objection to the following designated testimony by Plaintiff shall be sustained:

- Deposition Testimony of David Smith:

    59:1–61:1–2[32]
    64:20–23
    66–67:15

- Deposition Testimony of Ruth Wilson:

    89:22–25
    90:16–91:22
    93:13–22

**IT IS FURTHER ORDERED** that Plaintiff, her counsel, and her witnesses are prohibited from introducing at trial or mentioning at any time during trial the following:

- That Defendant offered Plaintiff a settlement amount and other benefits at the time of her severance from employment by Defendant in exchange for a complete release of any claim Plaintiff may have arising from the termination of her employment;

- Deposition Exhibit 15, a Settlement Agreement and Release offered to Plaintiff by Defendant at the time of her termination of employment;

- To the extent Deposition Exhibits 13, 14 or other Exhibits reference a settlement package, such references shall be redacted;

- During the pendency of this action Plaintiff's counsel and Defendant's counsel have discussed settlement of this action and offers to settle have been exchanged.

**IT IS SO ORDERED**.

Dated this 23rd day of August, 2011 at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[32] Defendant sought to exclude pages 59:1–61:18. Based upon a review of the potential testimony, the Court does not believe lines 3–18 on page 61 qualify for exclusion on the basis argued by Defendant.